UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LASHA MAZMISHVILI                                                    PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:25-CV-173-DCB-RPM

FACILITY ADMINISTRATOR                                              RESPONDENT

## **REPORT AND RECOMMENDATION**

Before the Court is Petitioner Lasha Mazmishvili's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. At the time he filed his petition on December 29, 2025, Petitioner was an immigration detainee housed at the Adams County Correctional Center in Natchez, Mississippi. He is a native of Georgia who entered the United States in October 2024. [10-1] [10-3]. In August 2025, an immigration judge ordered Petitioner removed; Petitioner waived his appeal. [10-2] [10-3].

On July 2, 2026, Respondent filed a response to a show cause order. [11] [13]. Respondent advises that on June 9, 2026, Petitioner was removed from the United States. [13] [13-1]. According to ICE's Online Detainee Locator System, Petitioner is no longer at the Adams County Correctional Center or in ICE custody.[1] Petitioner has not filed a response to the show cause order.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations

---

[1] The Court's search involved inputting Petitioner's "A-Number" and "Country of Birth."

omitted).  The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit.'" *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot) (quoting *Lewis,* 494 U.S. at 477–48).

Petitioner sought release from ICE custody; and his petition is now moot because he has been released from ICE custody.  *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as traditionally providing "a means to seek *release* from unlawful detention").  Accordingly, the instant petition no longer presents a live case or controversy for purposes of satisfying Article III and should be dismissed as moot.

## RECOMMENDATION

The undersigned recommends that Petitioner Lasha Mazmishvili's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus be DISMISSED without prejudice as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to

the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 8th day of July 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

3